POLO ET AL., DEMANDANTES Y APELADAS, *v.* FERNÁNDEZ ET AL., DEMANDADOS Y APELANTE EL PRIMERO.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre nulidad y reivindicación.

No. 1941.—Resuelto en diciembre 23, 1919.

PRUEBA EN CUANTO A LA IDENTIDAD DE FINCAS—CABIDA—DESCRIPCIÓN DE FINCAS.—
El hecho de que exista discrepancia de una cuerda sesenta y nueve centésimas en cuanto a la cabida y en cuanto a una de las colindancias en la descripción de una finca inscrita con título posesorio cuya nulidad se pide y la descripción consignada en el expediente de dominio que sirve de base a la reclamación de nulidad no es prueba suficiente de que en realidad se trata de dos fincas distintas.

POSESIÓN INSCRITA—DOMINIO NO INSCRITO.—La inscripción posesoria de una finca impide que se inscriba el título de dominio de la misma a favor de persona distinta, pero no vicia de nulidad el título de dominio.

ID.—PREFERENCIA DE TÍTULOS EN CONFLICTO.—Un título posesorio no puede tener preferencia sobre un título de dominio, aunque aquél esté inscrito y éste no lo esté, pues la inscripción de aquél es sin perjuicio de tercero de mejor derecho, y la preferencia derivada de la inscripción sólo existe en el caso de conflicto de dos títulos igualmente de dominio.

REIVINDICACIÓN—TERCERÍA DE DOMINIO.—El hecho de que los demás condueños de la finca tuvieran conocimiento de que uno de ellos la había hipotecado en su totalidad y de que se había seguido procedimiento por el acreedor para el cobro del crédito asegurado sin que hubieran instado el procedimiento de tercería de dominio, no les priva de su derecho a reivindicar la finca pues el juicio de tercería es un remedio que la ley concede al dueño de una cosa para prevenir perjuicios de momento, y el dejar de ejercitar tal remedio no le priva de la acción que pueda tener para defender luego lo que es suyo y de que indebidamente ha sido expropiado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Arturo Aponte, Jr.*

Abogado de las apeladas: *Sr. Joaquín Vendrell.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Los hechos que han de servirnos de base para la resolución de las cuestiones legales envueltas en el presente caso son los siguientes:

Por escritura pública de 24 de enero de 1907, no inscrita en el registro, Luis Polo García, titulándose dueño de un predio de terreno radicado en el barrio de San Salvador del término municipal de Caguas, compuesto de 24 cuerdas con

60 centavos de otra, colindantes por el sur y este con terrenos de José Jiménez Saurí, por el oeste con otros de Rosario Polo García y por el norte con terrenos de la sucesión de Luisa García, cuyo predio de terreno había adquirido en 22 de marzo de 1901 Luis Polo García, según propia manifestación, por compra a Pedro Polo García y éste por herencia de su difunto padre Rafael Polo Aguilar Tablada, constituyó hipoteca sobre el mismo a favor de Baldomero Fernández Gómez para garantir el pago de $251 que de él había recibido en préstamo sin interés, para devolvérselos en 24 de junio de 1908, debiendo responder además el inmueble de $100 para costas y gastos judiciales en caso de ejecución.

El predio de terreno que se deja descrito fué adjudicado a Baldomero Fernández Gómez en juicio seguido por el mismo contra Luis Polo García en la Corte Municipal de Caguas para el cobro del crédito que garantizaba y se otorgó la correspondiente escritura de venta judicial por el marshal de dicha corte a favor del comprador adjudicatario por escritura de 19 de enero de 1910, tampoco inscrita en el registro.

Siguió juicio de desahucio Baldomero Fernández Gómez contra Luis Polo García en 1910 y por sentencia que fué firme y ejecutoria en 1911 se ordenó fuera lanzado el demandado de la finca de que se trata, la cual estaba poseyendo, habiéndose efectuado el lanzamiento por el marshal del distrito de Humacao en el propio año 1911 y puéstose en posesión de la finca al repetido Baldomero Fernández Gómez.

La posesión de la finca de que se trata en los términos en que aparece descrita en la escritura de hipoteca voluntaria de 24 de enero de 1907, fué inscrita en el Registro de la Propiedad de Caguas en 28 de junio de 1910 a virtud de expediente posesorio instruído por Fernández Gómez en que alegó estar poseyéndola desde el 19 de enero de 1910 por haberle sido adjudicada en juicio seguido contra Luis Polo García.

Ante la misma Corte de Distrito de Humacao, María, Rosario, y Josefa Polo García a nombre propio y de sus hermanos de doble vínculo Luis, Antonia y Purificación Polo

García, promovieron expediente de dominio para que se declarara justificado a su favor el que alegaban tener sobre tres fincas rústicas entre éstas una de 26 cuerdas con 29 centavos de otra, marcada con la letra C, radicada en el barrio de San Salvador del término municipal de Caguas, en lindes por el este y sur con José Jiménez Saurí, por el norte con Luis García Hernández, y por el oeste con Rosario Polo García, y dicha corte por resolución de 11 de abril de 1914 aprobó la información de dominio y ordenó la inscripción de la finca descrita en unión de las otras dos a favor de María, Rosario, Josefa, Luis, Antonia y Purificación Polo García. En el escrito inicial del procedimiento se alegaba que las promoventes y sus hermanos habían adquirido la finca de 26 cuerdas por herencia de su finado hermano Pedro Polo García, que falleció en la ciudad de Caguas el 20 de mayo de 1910, habiéndola adquirido Pedro Polo García por herencia de su padre Rafael Polo y Aguilar Tablada, fallecido en 10 de marzo de 1898.

La inscripción de la resolución aprobatoria del dominio de la finca de que se trata en el Registro de la Propiedad de Caguas, fué denegada por nota de 11 de marzo de 1916, que dice así:

"Denegada la inscripción del precedente documento en cuanto a la finca señalada con la letra C, única de que se solicita inscripción, por aparecer inscrita * * * a favor de Baldomero Fernández Gómez, persona distinta de Pedro Polo García, de quien se expresa en el anterior documento que la heredaron sus hermanos María Polo García y otros; y tomada en su lugar anotación preventiva * * * por 120 días * * * anotación letra B, a favor de María, Rosario, Josefa, Luis, Antonia y Purificación Polo García, con el defecto subsanable de no haber comparecido los menores ,Antonia y Purificación Polo García por medio de su representante legal."

Las demandantes alegan en la demanda ser dueñas en plena propiedad en unión del demandado Luis Polo García, en común proindiviso y por partes iguales de la finca a que se refiere la información de dominio, por haberla adquirido

de su hermano de doble vínculo Pedro Polo García, quien a su vez la hubo por herencia de su difunto padre Rafael·Polo y Aguilar Tablada,, y solicitan se declare la nulidad de la escritura otorgada por Luis Polo García a favor de Baldomero Fernández Gómez, hipotecando a favor de éste con cabida de 24 cuerdas la finca de que se trata, sin ser dueño exclusivo de ella, la del procedimiento seguido para el cobro del crédito hipotecario, la del expediente posesorio tramitado por el demandado Fernández Gómez y la de la inscripción de posesión en el registro a favor de Fernández Gómez, debiendo los demandados hacer entrega de la finca a los demandantes y pagar además las costas, gastos y desembolsos del pleito.

El demandado Baldomero Fernández Gómez en su contestación, además de pedir que se desestimara la demanda con costas y desembolsos, suplicó se declare nulo el expediente iniciado por las demandantes para acreditar el dominio de la finca de que se trata, alegando al efecto que posee, con título posesorio inscrito en el registro, la finca de 24 cuerdas 60 centavos a que se refiere la información posesoria, de cuya finca fué puesto en posesión en juicio de desahucio seguido contra Luis Polo García; que las demandantes en unión de su hermano Luis Polo García promovieron expediente para justificar el dominio de una finca rústica de 26 cuerdas de terreno con 29 centavos de otra, comprendiendo en esa cabida indebidamente la descrita anteriormente, y que en esa información de dominio se hicieron constar hechos inexactos tales como afirmar que los promoventes poseyeron la finca entre todos por más de treinta y cinco años y manifestar, además, que la habían adquirido por herencia de Pedro Polo García en 1910.

Celebrado el juicio la Corte de Distrito de Humacao dictó sentencia en 24 de agosto de 1917 por la que declara con lugar las nulidades solicitadas y ordena también que por el Registrador. de la Propiedad de Caguas se cancele la inscripción de posesión que figura a favor del demandado Bal-

domero Fernández Gómez e inscriba el dominio declarado justificado a favor de las demandantes y de Luis Polo García en resolución de 11 de abril de 1914, condenando a los demandados a pagar las costas de la acción.

La anterior sentencia ha sido apelada para ante esta Corte Suprema por el demandado Baldomero Fernández Gómez y se alegan como motivos del recurso los siguientes errores:

1°. Que la Corte de Distrito de Humacao erró al no estimar que el apelante Baldomero Fernández era el verdadero dueño de la finca.

2°. Que la misma corte erró al estimar que el título de las demandantes era mejor que el título del demandado.

3°. Que la propia corte de Humacao erró al admitir la demanda, al ordenar la entrega de la finca a las demandantes y al declarar que ellas eran las únicas dueñas del fundo.

Ante todo debemos dejar establecido que la finca a que se refiere el título de dominio invocado por los demandantes es la misma finca a que se refiere el título posesorio del demandado Fernández Gómez. Ciertamente que el título de dominio se refiere a una finca de 26 cuerdas con 29 centavos en lindes por este y sur con José Jiménez Saurí, por el norte con Luis García Hernández y por el oeste con Rosario Polo García, mientras que la finca del expediente posesorio aparece con una cabida de 24 cuerdas con sesenta céntimos, lindando por el norte con terrenos de la sucesión de Luisa García teniendo los mismos lindes que la anterior por sur, este y oeste y estando situadas una y otra finca en el barrio de San Salvador de Caguas; pero esa diferencia de dos cuerdas en la cabida y de una de las colindancias, no constituye prueba suficiente de que en realidad se trate de fincas diferentes. *Gómez Méndez & Cía., en liquidación,* v. *El Registrador de la Propiedad,* 16 D. P. R. 825. La corte sentenciadora así lo estimó e igual apreciación hizo el Registrador de la Propiedad de Caguas al denegar la inscripción del expediente de dominio por el hecho de estar inscrita la finca

a favor de Baldomero Fernández Gómez, persona distinta de Pedro Polo García, de quien la heredaron sus hermanos.

La resolución judicial de 11 de abril de 1914 aprobando la información de dominio y ordenando la inscripción de la finca de que se trata a favor de María, Rosario, Josefa, Luis, Antonia y Purificación Polo García en el Registro de la Propiedad de Caguas era título bastante para la inscripción del dominio según la regla 5ª. del artículo 395 de la Ley Hipotecaria y la inscripción fué denegada por el único fundamento de estar inscrita la posesión de la finca a favor de persona distinta de los promoventes.

La inscripción de la posesión de la finca a favor de Baldomero Fernández Gómez impedía por sí misma la inscripción del dominio de ella a favor de persona distinta, pero no viciaba de nulidad el título de dominio. Ese título, aunque no inscrito en el registro, podía presentarse y ser admitido en juicio para pedir la declaración de nulidad y consiguiente cancelación del asiento de posesión que impedía se verificara su inscripción, pues a ello autoriza el apartado 3º. del artículo 389 de la Ley Hipotecaria. La inscripción de posesión de la finca a favor de Baldomero Fernández Gómez tenía que ser sin perjuicio de tercero de mejor derecho, con sujeción al artículo 392 de la Ley Hipotecaria, y esa inscripción de posesión no perjudicaba al que tuviera mejor derecho a la propiedad del inmueble, aunque su título no hubiera sido inscrito, a menos que la prescripción hubiera convalidado y asegurado el derecho inscrito según el apartado 5º. del artículo 394 de la misma ley. Incurre en manifiesto error el apelante al sostener que el título de dominio invocado por los demandantes no puede perjudicarle por no haber sido inscrito en el registro, y su error es mayor al afirmar que estando inscrito el título posesorio y no el de dominio tiene preferencia su derecho sobre el de los demandantes, pues tal preferencia sólo es admisible en el caso de conflicto de dos títulos igualmente de dominio, lo que no sucede en el presente caso.

El único derecho dominical que alega el apelante nace del que tuviera su causante Luis Polo García sobre la finca de que se trata, por haberla adquirido de su hermano Pedro de los mismos apellidos, según expresó aquél al otorgar la escritura de hipoteca a favor de Fernández Gómez, pero tal manifestación aparece desnuda de toda prueba y por sí no puede producir efectos legales respecto de terceras personas, pues aunque los documentos públicos hacen prueba aun contra tercero del hecho que motiva su otorgamiento y de la fecha de éste, no hacen prueba contra tercero sino contra los otorgantes y sus causahabientes en cuanto a las declaraciones que en ellos hubiesen hecho los primeros, según el artículo 1186 del Código Civil.

La manifestación hecha por Luis Polo García en la escritura hipotecaria, expresiva de haber adquirido la finca de su hermano Pedro no puede perjudicar a éste ni a sus causahabientes los demandantes.

Es materia fuera de discusión entre las partes que la finca de que se trata pertenecía a Pedro Polo García por haberla heredado de su difunto padre Rafael Polo Aguilar Tablada, y la cuestión en *issue* es la de si Pedro Polo García antes de su fallecimiento vendió la finca a su hermano Luis según se consigna en la escritura hipotecaria por Luis Polo García o si murió siendo dueño de ella y heredándola por tanto sus hermanas demandantes en unión del demandado Luis Polo García. No hay prueba alguna de semejante venta, cuya prueba en el presente caso incumbía a los demandados, y debemos por tanto atenernos a lo que reza la resolución judicial declaratoria del dominio de la finca a favor de los hermanos Polo García por fallecimiento de su otro hermano Pedro Polo García.

Dicha declaratoria de dominio fué impugnada por el demandado Baldomero Fernández Gómez quien formuló reconvención para que se declarara su nulidad, alegando al efecto que en la información de dominio se había hecho constar falsamente que la posesión de la finca era de más de 35 años

a contar desde la fecha en que originariamente fueron adquiridos los terrenos y que la adquisición reconocía por causa el título hereditario derivado de Pedro Polo García. No adujo el demandado prueba alguna en demostración de tales alegaciones y por tanto el expediente de dominio quedó en toda su fuerza y vigor, pues el posesorio por sí solo no podía producir respecto de terceros otros efectos que los que las leyes atribuyen a la mera posesión, según el párrafo 4º. del artículo 394 de la Ley Hipotecaria.

Y nada importa que los demandantes tuvieran o no conocimiento del otorgamiento de la escritura hipotecaria otorgada por Luis Polo García a favor de Baldomero Fernández Gómez y del procedimiento seguido para el cobro del crédito asegurado, y que no hubieran iniciado el juicio de tercería de dominio autorizado por la ley en defensa de su derecho, pues al adquirir Fernández sin estar la finca inscrita en el registro a favor de Luis Polo García, adquirió a su riesgo exponiéndose a que la finca que adquiría perteneciera a terceras personas y a adquirir por tanto un derecho ilusorio.

El juicio de tercería de dominio es un remedio que la ley concede al dueño de una cosa para prevenir perjuicios de momento, pero la falta del ejercicio de ese remedio no le priva del. derecho que pueda tener para defender luego lo que es suyo y de que indebidamente ha sido expropiado. *Vallecillo* v. *Auffant*, 1 S. P. R. 299.

Hemos examinado las cuestiones legales suscitadas en el recurso y las envueltas en el pleito, el cual ha girado como eje cardinal sobre la teoría sostenida por los demandantes de ser dueños en unión del demandado Luis Polo García por título hereditario justificado en expediente de dominio, de la finca de que se trata, teoría que impugnó el demandado Fernández Gómez por el fundamento de ser nulo dicho título, haber él adquirido legítimamente la misma finca e inscrito su posesión en el registro de la propiedad; y en vista de las razones expuestas hemos de llegar a la conclusión de

que la finca hipotecada por Luis Polo García a favor del demandado Baldomero Fernández Gómez era del dominio de la sucesión de Pedro Polo García; que Luis Polo García, titulándose único dueño de ella no pudo hipotecarla en su totalidad a favor de Fernández Gómez como lo hizo para garantizar el pago de una deuda exclusivamente suya, y que en su consecuencia nulo fué el procedimiento seguido para el cobro del crédito asegurado por la hipoteca como nulo fué el expediente instruído por Fernández Gómez para acreditar la posesión de una finca que no había adquirido de la sucesión de Pedro Polo García, a la que pertenecía, sino de uno de los componentes de dicha sucesión. Ello no impide que Luis Polo García esté en el deber de solventar al demandado Fernández Gómez el crédito reconocido a su favor, pues *nemini suus fraus patrocinari debet.*

Nos abstenemos de considerar y resolver cuáles sean los derechos que puedan asistir al demandado Fernández Gómez para perseguir y hacer efectivo el cobro de la hipoteca, no en relación a la totalidad de la finca hipotecada por Luis Polo García, sino respecto de la participación dominical que tenía en ella. Esos derechos, sean cuales fueren, quedan reservados a Fernández Gómez, y tal reserva debe consignarse en la inscripción que se haga de la resolución declaratoria de dominio de la finca a favor de los demandantes y del demandado Luis Polo García.

Es de confirmarse la sentencia apelada que dictó la Corte de Distrito de Humacao en 24 de agosto de 1917, pero modificándola en el sentido de que la inscripción del dominio de la finca descrita en la sentencia declarado justificado por dicha corte en resolución de 11 de abril de 1914 a favor de las demandantes y del demandado Luis Polo García ha de verificarse con reserva y sin perjuicio del derecho que pueda asistir al demandado Baldomero Fernández Gómez, para cobrar el crédito que dicho Luis Polo García reconoció a su favor por escritura pública de 24 de enero de 1907 por ante el notario Rafael Arce Rollet con bienes de Luis Polo García,

entre éstos la participación dominical que Luis Polo García tiene en la expresada finca, como así se hará constar en la inscripción de dominio de que se deja hecho mérito.

> *Confirmada la sentencia apelada pero ordenando que la participación del demandado Luis Polo García en la finca reivindicada, se inscriba con reserva y sin perjuicio del derecho del demandado Fernández Gómez para cobrar el crédito que dicho Polo García reconoció por escritura de 24 de enero de 1907.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.